IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-245-BR

| | |
|---|---|
| NATIONAL ERECTORS REBAR, INC.,<br>    Appellant,<br><br>    v.<br><br>WEAVER COOKE CONSTRUCTION, LLC,<br>    Appellee. | ORDER |

This matter is before the court on National Erectors Rebar, Inc.'s ("NER") appeal from the 30 September 2014 order of United States Bankruptcy Judge Stephani W. Humrickhouse. The issues have been fully briefed and are ripe for disposition.

This dispute arises out of the construction of a real estate development project, a luxury condominium complex, in New Bern, North Carolina. In 2006, New Bern Riverfront Development, LLC ("New Bern"), the project owner/developer, contracted with appellee Weaver Cooke Construction, LLC ("Weaver Cooke") to serve as the project's general contractor. Weaver Cooke in turn contracted with National Reinforcing Systems, Inc. ("NRS") to provide materials and equipment for the design of the project's post-tension concrete system.[1] Weaver Cooke separately contracted with NER to install that system. However, prior to Weaver Cooke entering into the contracts regarding the post-tension concrete system, NRS and NER had merged, with NER as the surviving corporation.

---

[1] "The post-tension concrete system is a series of cables embedded in concrete structures integrated into the Project to provide structural support." (9/30/14 Order, DE # 36-2, at 4.)

In March 2009, New Bern filed suit in state court against various parties, including Weaver Cooke and NER, based on the allegedly defective construction of the project. In November 2009, New Bern filed a petition for relief under Chapter 11 of the bankruptcy code, and shortly thereafter, the state court action was removed to this court and transferred to the Bankruptcy Court. New Bern later amended its complaint. Weaver Cooke and NER, among others, remained defendants. Weaver Cooke answered New Bern's amended complaint and asserted crossclaims against NER for negligence, contractual indemnity, and breach of express warranty based on "NER[']s alleged defective design and construction of the post-tension system." (9/30/14 Order, DE # 36-2, at 4-5.)

NER filed a motion for summary judgment on all Weaver Cooke's crossclaims. On 30 September 2014, the bankruptcy court denied the motion for the most part, concluding that (1) the economic loss rule does not bar Weaver Cooke's negligence claim; (2) the division of duties between NER and NRS does not justify dismissal because NER and NRS had merged prior to contracting to perform any work on the project and "NER is responsible for the work of NRS," (id. at 7); (3) N.C. Gen. Stat. § 22B-1 does not bar Weaver Cooke's indemnity claim to the extent the claim is based on NER's alleged defective installation of the post-tension concrete system;[2] and (4) genuine issues of material fact exist regarding whether Weaver Cooke was contributorily negligent.

In October 2014, NER filed a motion for leave to appeal this order. In May 2015, the bankruptcy court certified the order as final pursuant to Federal Rule of Civil Procedure 54(b)

---

[2] The bankruptcy court granted summary judgment in favor of NER on Weaver Cooke's indemnity claim as it relates to damages caused by the alleged defective design of the post-tension concrete system. Weaver Cooke has not appealed from this order.

and recommended that this court consider the order as final. Thereafter, this court certified the order as final and accordingly concluded NER's motion for leave to appeal was moot.

Sitting as an appellate court, this court will review *de novo* the bankruptcy court's legal conclusions and mixed questions of law and facts and will review for clear error its factual findings. See E. Carolina Masonry, Inc. v. Weaver Cooke Constr., LLC, No. 5:15-CV-252-BR, DE # 77, at 3-4 (E.D.N.C. Jan. 20, 2016). The court also reviews *de novo* the bankruptcy court's order disposing of the summary judgment motion. See Nader v. Blair, 549 F.3d 953, 958 (4th Cir. 2008). Summary judgment is properly granted if there is no genuine issue of material fact and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The first issue the court considers is whether the economic loss rule bars Weaver Cooke's negligence claim against NER. Under North Carolina law, the economic loss rule "prohibits recovery for purely economic loss in tort when a contract, a warranty, or the UCC operates to allocate risk." Severn Peanut Co. v. Indus. Fumigant Co., 807 F.3d 88, 94 (4th Cir. 2015) (internal quotation marks and citation omitted). The rule does not bar recovery, however, where there is damage to property *other* than that property which was the subject of the applicable agreement. See N.C. State Ports Auth. v. Lloyd A. Fry Roofing Co., 294 N.C. 73, 82 (1978).

Relying on its earlier analysis of the economic loss rule in the context of New Bern's negligence claim against NER, the bankruptcy court concluded that the damages alleged to have been caused by defects in the post-tension concrete system were to property other than that which was the subject matter of the contract between Weaver Cooke and NER and in turn concluded that a genuine issue of material fact exists as to whether this "other property" exception applies. NER argues that this "other property" exception does not apply because NER's alleged negligence caused damage to several areas of the project, such as the parking

3

deck, the pool, and the main building, which property was the subject of its contract with Weaver Cooke.

This court recently reversed that earlier analysis of the bankruptcy court and remanded for the bankruptcy court to reconsider in light of Weaver Cooke Construction, LLC v. East Carolina Masonry, Inc., No. 5:14-CV-710-BR (E.D.N.C. Mar. 17, 2017). See Nat'l Erectors Rebar, Inc. v. New Bern Riverfront Dev., LLC, No. 5:15-CV-30-BR (E.D.N.C. Mar. 28, 2017). Having reversed the earlier decision on which the bankruptcy court relied, the court will also reverse as to the bankruptcy court's application of the economic loss rule's "other property" exception to Weaver Cooke's negligence claim against NER and remand for reconsideration.[3]

Next, the court considers whether the bankruptcy court erred in denying NER's motion for summary judgment on Weaver Cooke's indemnity claim. The bankruptcy court concluded that N.C. Gen. Stat. § 22B-1 does not bar that claim as it relates to NER's alleged defective installation of the post-tension concrete system because Weaver Cooke alleges NER is "'wholly responsible'" for the defect and resulting damages. (9/30/14 Order, DE # 36-2, at 10.) The court agrees with the bankruptcy court, although for a different reason.

Pursuant to § 22B-1, "any [construction indemnification] provision seeking to indemnify the promisee from its own negligence is void." Bridgestone/Firestone, Inc. v. Ogden Plant Maint. Co. of N.C., 548 S.E.2d 807, 810 (N.C. Ct. App. 2001). However, the statute does not prohibit an indemnification provision which holds a party responsible for its own negligent acts. See N.C. Gen. Stat. § 22B-1 ("Nothing contained in this section shall prevent or prohibit a contract, promise or agreement whereby a promisor shall indemnify or hold harmless any

---

[3] Like in the New Bern Riverfront appeal, there is not sufficient information in the record for the court to determine whether the "other property" exception to the economic loss rule applies. Although the contract between Weaver Cooke and NER is in the record, the contract between Weaver Cooke and NRS is not.

4

promisee or the promisee's independent contractors, agents, employees or indemnitees against liability for damages resulting from the *sole* negligence of the promisor, its agents or employees." (emphasis added)); Bridgestone/Firestone, 548 S.E.2d at 810-11; Int'l Paper Co. v. Corporex Constructors, Inc., 385 S.E.2d 553, 555 (N.C. Ct. App. 1989). In Weaver Cooke Construction, LLC v. Stock Building Supply, LLC, No. 5:14-CV-537-BR (E.D.N.C. Aug. 12, 2016), this court addressed the same indemnification provision at issue now and held, among other things, neither § 22B-1 nor the contributing negligence of other parties precluded Weaver Cooke's indemnification claim against the subcontractor. The reasoning from Stock Building Supply applies equally, and for the reasons stated therein, the court will affirm the bankruptcy court's denial of NER's motion for summary judgment on Weaver Cooke's indemnity claim regarding NER's alleged defective installation of the post-tension concrete system.

Accordingly, the bankruptcy court's 30 September 2014 order is AFFIRMED IN PART, REVERSED IN PART,[4] and REMANDED with direction to the bankruptcy court to reconsider its ruling on Weaver Cooke's negligence claim in light of the decision in Weaver Cooke Construction, LLC v. East Carolina Masonry, Inc., No. 5:14-CV-710-BR.

This 28 March 2017.

_____
W. Earl Britt
Senior U.S. District Judge

---

[4] Because the court is reversing the portion of the bankruptcy court's order as to the application of the economic loss rule, the court does not consider the other issues NER raises on appeal. However, the court notes that it has already addressed the issue of the effect of the merger between NER and NRS and NER's responsibility for NRS's liability to Weaver Cooke, if any. Nat'l Erectors Rebar, Inc. v. Weaver Cooke Constr., LLC, No. 5:15-CV-135-BR (E.D.N.C. Jan. 28, 2016), appeal dismissed, No. 16-1235 (4th Cir. Nov. 3, 2016).